UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGUS MORDANT,<br><br>                                  Plaintiff,<br><br>   - against -<br><br>CITINSIDER, LLC,<br>BROKERPULSE LLC,<br><br>                                  Defendants. | Docket No. 18-cv-09054 (RA)<br><br>**DECLARATION OF**<br>**JAMES H. FREEMAN** |

I, JAMES H. FREEMAN, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1.     I am lead counsel for plaintiff Angus Mordant ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2.     I submit this declaration in support of Plaintiff's application for entry of default judgment against defendants Citinsider LLC and BrokerPulse LLC (collectively, "Defendants") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

**(i)     The basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;**

3.     Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 involves Defendants' unlawful expropriation of Plaintiff's registered photograph of Senator Brian Benjamin (the "Photograph").

4.     On or about July 17, 2017, Defendants ran an article on its website www.brokerpulse.com entitled *City Under Fire: Rebranding Neighborhood Names In New York City May Soon Be Illegal* (the "Article").

5. The Article prominently featured the Photograph. Defendants did not obtain Plaintiff's consent or authorization to republish the Photograph in the Article.

6. The basis for entry of default is Defendants' failure to answer or otherwise file a response to the amended complaint.

7. On November 29, 2018, copies of the summons and amended complaint were served on each of the Defendants via the Office of the New York Secretary of the State. [Certificate of Service re: Brokerpulse LLC, Dkt. #24; Certificate of Service re: Citinsider LLC, Dkt. #25]

8. The deadline to file an answer or responsive pleading was December 20, 2018. Neither of the Defendants have filed the required response to the amended complaint.

**(ii)** *The Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action*

9. Given that neither Defendant has appeared, the Court may appropriately order a default judgment against both Defendants on the issue of damages, jointly and severally.

**(ii)** *The proposed damages and the basis for each element of damages, including interest, attorney's fees and costs;*

10. For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000 in civil penalties for willful copyright infringement.

11. Plaintiff also seeks $2625.00 in attorney's fees and $495.00 in costs pursuant to 17 U.S.C. § 505.

12. "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV.

0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages.'"); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).

13.   Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available.*'") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

14.   Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history.  Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v.*

*MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

15. The requested amount is consistent with a long-line of cases in this Circuit which award $30,000 where defendant has defaulted in a copyright infringement action. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

**Attorneys' Fees and Costs**

16. Plaintiff seeks $2625.00 in attorneys' fees and $495.00 in costs under 17 U.S.C. § 505.

17. I am Senior Counsel at Liebowitz Law Firm, PLLC, with over 18 years experience litigating copyright infringement cases. A graduate of Benjamin N. Cardozo Law School, I was a litigation associate at Proskauer Rose LLP (2000-2005); a staff attorney at Kramer Levin LLP (2005-2008); and a senior associate at Garvey Schubert Barer (2008-2010) before starting my own solo practice in the field of copyright and trademark law in 2011.

18. My hourly rate of $375 as lead counsel in this action falls well within the amount of hourly rates deemed reasonable for senior counsel (and associates) in New York-based law firms practicing in this District.[1] *See, e.g.*, *Munoz v. Manhattan Club Timeshare Ass'n, Inc.*, No. 11–CV–7037, 2014 WL 4652481, at *4 (S.D.N.Y. Sept. 18, 2014) (finding $400 per hour to be a reasonable rate for an experienced litigator with nearly 20 years of experience); *Smith & Wollensky Rest. Grp., Inc.,* No. 06 Civ. 6198, 2009 WL 72441, at *9 (S.D.N.Y. Jan. 7, 2009) (approving rates between $350 and $440 for senior counsel with 10 to 20 years of experience); *Adams v. N.Y. State Educ. Dep't,* 630 F.Supp.2d 333, 347–351 (S.D.N.Y.2009) (finding $350.00 was a reasonable hourly rate for senior counsel in New York City Law Department); *Rahman v. The Davis v. Eastman Kodak Co.*, 758 F. Supp. 2d 190 (W.D.N.Y. 2010) (approving $350 hourly rate for attorneys with 11-20 years; experience); *see also Genger v. Genger*, No. 14 Civ. 5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have . . . recently approved rates for law firm associates in the range of $200 to $450 per hour."); *Mahan*, 2016 WL 4718018, at *2 (approving associates' hourly rates of $300 to $553); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 56 (S.D.N.Y. 2015) (approving hourly rate of $461 for second-year associate); *Walker v. Carter*, No. 12 Civ. 5384 (ALC) (RLE), 2016 WL 6820722, at *1 (S.D.N.Y. Aug. 29, 2016) (approving hourly rates of $370 to $425 for associates with between six and eight years of experience); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *4 (S.D.N.Y. Dec. 6, 2010), *report and recommendation adopted*, 2011 WL 43459 (S.D.N.Y. Jan.

---

[1] "[T]he reasonable hourly rate is the hourly rate employed by attorneys in the district in which the litigation is brought." *Myers v. Bd. of Educ. of the Batavia City Sch. Dist.*, No. 13-CV-342S, 2016 WL 4642920, at *3 (W.D.N.Y. Sept. 7, 2016) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

5, 2011) (approving rates between $355 and $400 per hour for associates); *Dweck v. Amadi*, No. 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029, at *4 & n. 5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates between $180 and $440 per hour for associates).

STATEMENT OF FEES

| Date | Description of Services | Time | Total |
|---|---|---|---|
| 10/3/18 | • Review case file in preparation for filing; conduct due diligence re: copyright registration | 1.5 | $562.50 |
|  | • Draft and file complaint | 0.75 | $281.25 |
| 11/27/18 | • Draft and file amended complaint | 0.25 | $93.75 |
| 11/27/18 | • Draft and file request for Clerk's entry of default and supporting documents | 0.5 | $187.50 |
| 12/26/18 | • Draft letter to Court re: adjournment | 0.25 | $93.75 |
| 1/14/19 | • Draft letter to Court re: status update | 0.25 | $93.75 |
| 3/4/19 | • Draft and file motion for default judgment, including attorney declaration | 3.5 | $937.50 |
| **Total** | - | 7.0 | **$2625.00** |

COSTS

| Date | Description | Total |
|---|---|---|
| 10/3/18 | Court filing fee | $400.00 |
| 12/03/18 | Service fee | $40.00 |
| 12/10/18 | Service fee | $55.00 |
| **TOTAL** | - | **$495.00** |

(iv)   *A Damages Inquest is Not Necessary*

19.   As a general matter, the amount of damages to award in connection with a default judgment may be decided by the Court without a hearing. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir.

6

1997); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured there was a basis for the damages specified in the default judgment'").

20.     Here, a formal inquest into actual damages is unnecessary because Plaintiff has elected an award of statutory damages as a basis which, as a matter of law, does not require proof of actual damages or infringers' profits.  *See, e.g., Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (statutory damages may be awarded under 17 U.S.C. § 504(c)(1) "without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity."); *Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Tu*, 2009 WL 2905780 ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.").

21.     Moreover, in the last two years, Courts in this District have routinely awarded $30,000 in statutory damages for a single image without holding an inquest and without proof of actual damages.  *See, e.g., Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS), dated 12/10/18 (awarding $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF), dated 6/25/18 (awarding "$30,000 in civil penalties for copyright infringement"); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP), dated 5/24/18 (ordering that "Defendant shall pay $30,000 in statutory damages" under the Copyright Act); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR), dated 5/2/18 (ordering that "Defendant shall pay $60,000 in civil penalties [for two images], representing $30,000 for each instance of willful copyright infringement."); *Marzullo v.*

7

*Karmic Release Ltd.*, 17-cv-7482 (KPF), dated 4/24/18 (ordering that "Defendant violated 17 U.S.C. § 501 and shall pay $30,000 in civil penalties for copyright infringement."); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS), dated 3/28/18 (ordering $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501 after declaring that "Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work"); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR, dated 1/8/18 (awarding "$30,000 in civil penalties for each instance of willful copyright infringement."); *Lee v. White Cat Media*, 17-cv-8122 (JSR), dated 12/13/17 (awarding "$30,000 as damages for defendant's infringement of plaintiff's [copyright] in violation of 17 U.S.C. § 501 et seq."); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA), dated 10/11/16 (ordering that "Defendant shall pay $30,000 in civil penalties for willful copyright infringement"). True and correct copies of the orders cited in this paragraph are attached hereto as Exhibit A.

22. No part of the Judgment sought has been paid, other than as indicated in the present motion.

23. Attached hereto as Exhibit B is a true and correct copy of the initiating complaint plus exhibits.

24. Attached hereto as Exhibit C is a copy of the affidavits of service of the summons and complaint on both Defendants.

25. Attached hereto as Exhibit D is the Certificates of Default from the Clerk of Court as to both Defendants.

26. Attached hereto as Exhibit E is a Proposed Default Judgment.

Dated: March 4, 2019
Valley Stream, New York

Respectfully Submitted:

**/jameshfreeman/**
By: James H. Freeman
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
jf@liebowitzlawfirm.com

*Counsel for Plaintiff Angus Mordant*