USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/22/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGUS MORDANT,

               Plaintiff,

v.

CITIINSIDER LLC and BROKERPULSE LLC,

               Defendant.

No. 18-CV-9054 (RA)

MEMORANDUM OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

On July 18, 2019, the Court held a hearing on its June 10, 2019 order to show cause as to why a default judgment should not be entered against Defendants. For the reasons stated on the record at the hearing, the Court granted Plaintiff's motion for default judgment, but deferred ruling on its request for an award of $30,000 in statutory damages, and $3,120 in attorney's fees and costs. For the reasons that follow, the Court now awards Plaintiff $1,000 in statutory damages and $1,995 in attorney's fees and costs.

**I. Statutory Damages**

Pursuant to the Copyright Act, a copyright owner may elect to recover "an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "In a case where . . . the court finds[] that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). In applying its "wide discretion" to determine the appropriate amount of a statutory damages award, a district court considers the following factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods.*, 603 F.3d 135, 143–44 (2d Cir. 2010).

Beginning with Defendants' state of mind, "courts in this circuit have consistently found that . . . [defendants'] copyright infringement may be deemed willful by virtue of [their] default, without a further showing by the plaintiff." *Innovation Ventures, LLC v. Ultimate One Distributing Corp.*, No. 12-CV-5354 (KAM)(RLM), 2017 WL 10088143, at (E.D.N.Y. Mar. 21, 2017) (citing cases). In addition, here, Plaintiff's counsel asserts that a representative for Defendant BrokerPulse LLC contacted him in January 2019 and acknowledged his awareness of this action. *See* Pl's Jan. 14, 2019 Ltr. (Dkt. 26). The Court thus considers Defendants' infringement to be willful, and further finds that their default suggests a lack of "cooperation in providing evidence concerning the value of the infringing material." *Bryant*, 603 F.3d at 144; *see also Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co.*, 291 F. Supp. 3d 554, 559–60 (S.D.N.Y. 2018).

Nevertheless, "not all willful conduct constitutes the kind of truly egregious conduct that justifies maximum damages." *Reilly v. Commerce*, No. 15-CV-5118 (PAE) (BCM), 2016 WL 6837895, at *9 (S.D.N.Y. Oct. 31, 2016), *report and recommendation adopted*, No. 15-CV-5118 (PAE), Dkt. 121 (S.D.N.Y. Nov. 21, 2016). Indeed, here, other factors weigh strongly in favor of granting a minimum statutory damages award. First, Plaintiff's submissions include no evidence of his lost revenues caused by Defendants' infringement, nor the licensing history of the photo at issue. And although Plaintiff has not had an opportunity to conduct discovery with respect to Defendants' potential profits from their use of the photo, none of the facts before the Court suggest that such profits would be more than *de minimis*. Furthermore, at the order to show cause hearing,

Plaintiff's counsel stated that Plaintiff, who previously authorized the New York Daily News to publish the photo at issue, received a daily rate from the News of between $300 and $350 for his work as a photographer—regardless of how many of his photos from any given day were published. Considering that daily rate as a proxy for the licensing fee of the photo supports the view that Plaintiff's loss of revenue is significantly below even the minimum end of a statutory damages award. *Cf. Downs v. Yeshiva World News, LLC*, No. 18-CV-0250 (LDH) (JO), 2019 WL 1261406, at *3 (S.D.N.Y. Feb. 1, 2019) (recommending statutory damages award of $750 per infringed work, where Plaintiff had "adduced no evidence that he suffered any actual damages," despite Defendants' infringement by default).

Finally, the Court must weigh the deterrent effect upon Defendants and third parties that statutory damages are intended in part to serve. In so doing, the Court finds that an award of nearly three times the approximate rate at which Plaintiff appears to have been previously compensated for use of the photo at issue—$1,000—adequately serves the deterrent function of a statutory damages award under 17 U.S.C. § 504(c). *See* Apr. 19, 2019 Hr'g Tr., *Dvir v. Dancing Astronaut, Inc.*, No. 18-CV-9416-VEC, May 22, 2019 Order, App'x A (Dkt. 31) (estimating actual damages from defendant's copyright infringement—established by default—to be $1,000, and awarding "treble damages," for deterrence purposes, resulting in a statutory damages award of $3,000).

## II. Attorney's Fees

The Court "in its discretion may allow the recovery of full costs by or against any party ... [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In the Second Circuit, an award of reasonable attorney's fees is calculated based on the "presumptively reasonable fee," otherwise known as the lodestar, which is the product of the number of hours spent on the litigation and a "reasonable hourly rate." *See Millea v. Metro-*

*North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The party seeking attorney's fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As an initial matter, the Court finds it appropriate to compensate Plaintiff's counsel here with reasonable attorney's fees and costs incurred in bringing this action and ultimately obtaining a default judgment. Counsel has submitted contemporaneous billing records reflecting the nature of the work he performed, when, and the number of hours he spent on each task. "Such a submission meets the evidentiary threshold for the recovery of attorney's fees." *Navig8 Chems. Asia Pte., Ltd. v. Crest Energy Partners, LP*, No. 15 Civ. 7639 (PAE), 2015 WL 7566866, at *1 (S.D.N.Y. Nov. 24, 2015).

The Court nonetheless reduces Mr. Freeman's hourly rate and the number of hours reported in calculating his attorney's fee award. Mr. Freeman, who is Senior Counsel at Liebowitz Law Firm, PLLC, and has over 18 years of experience litigating copyright infringement cases, contends that his reasonable hourly rate is $375. Freeman Decl. ¶ 18 (Dkt. 30). In support of that rate, he cites cases from this district awarding rates of between $200 and $500 per hour for senior intellectual property counsel with between six and twenty years of experience. *See id.* Notably, however, Mr. Freeman does not cite *Anderson v. Primera Plana NY, Inc.*, in which his reasonable hourly rate was recently determined to be $300 per hour in a similar case. No. 17-cv-7715(JMF)(KNF), 2019 WL 1936741, at *5–6 (S.D.N.Y. Mar. 29, 2019), *report and recommendation adopted*, 2019 WL 1966369 (S.D.N.Y. May 1, 2019). The rate awarded in *Anderson* is also appropriate here, especially given Mr. Freeman's acknowledgment at the order to show cause hearing that the Liebowitz firm does not employ a paralegal. Indeed, Mr. Freeman explained at the hearing that he completed all tasks necessary to this litigation—some of which

inevitably involved more ministerial tasks, such as compiling the exhibits attached to his declaration and filing his submissions on ECF. The Court thus reduces Mr. Freeman's rate to $300 per hour.

With respect to the number of hours spent litigating this case, the Court finds Mr. Freeman's hours to be reasonable, except for the 3.5 hours spent on drafting and filing his motion for default judgment and attorney declaration. Such a cookie-cutter motion and declaration, which are largely composed of string cites that can be—and the Court assumes, have been—used in multiple cases, should not reasonably have taken so long.[1] The Court thus reduces the time spent on that task to two hours, such that the total reasonable number of hours awarded for this case is five. Applying a $300 per hour rate to those five hours, the final attorney's fee award is $1,500.

## III. Costs

As previously noted, the Copyright Act permits an award of costs to the prevailing party. Such costs should be substantiated through invoices or receipts, or "a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items." *Dominguez v. 322 Restaurant Corp.*, 2019 WL 2053995, at *4 (S.D.N.Y. May 9, 2019).

Plaintiff's counsel seeks reimbursement for costs totaling $495: $400 for the court filing fee and $95 in service fees. The filing fee is reflected on the Court's docket, and Mr. Freeman has attested under penalty of perjury as to the accuracy of the service fees. The Court thus awards costs in the amount sought of $495.

---

[1] At the order to show cause hearing, Mr. Freeman noted that the 3.5 hours designated for drafting the default motion and declaration may have also included time spent drafting status letters to the Court which were otherwise not accounted for in his billing records. The Court declines to accept such statements—which are unsubstantiated by the billing records—in determining the number of Mr. Freeman's reasonable hours spent on this case. If Mr. Freeman intended to be compensated for drafting his other status letters he should have included separate time entries documenting that work.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Plaintiff is awarded $1,000 in statutory damages. Plaintiff's counsel is awarded $1,500 in attorney's fees and $495 in costs. The Clerk of Court is directed to enter the attached judgment, to terminate the motion pending at Dkt. 29, and to close this case.

SO ORDERED.

Dated: July 22, 2019
        New York, New York

_____
Ronnie Abrams
United States District Judge